# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30451

———————

Jerry Martin, Jr.,

*Plaintiff—Appellant*,

*versus*

Susan Hutson, *Sheriff Orleans Parish*,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2025

Lyle W. Cayce
Clerk

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-5113

———————————————————

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:\*

Orleans Parish Sheriff Susan Hutson fired Jerry Martin, Jr., who alleges that she did so because of his race, because of his sex, and in violation of due process. We have carefully considered the record and briefs. Having done so, we conclude that the district court did not err in its analysis of his Section 1981 race and Section 1983 sex discrimination claims. If he raised an

———————————————

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-30451

"intersectional" claim about discrimination because he is a black male, which is dubious, it fails because Section 1981 expressly condemns only race discrimination.[1]  In addition, his due process claim fails for essentially the reasons articulated by the district court.  The judgment is AFFIRMED.

---

[1] *See Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342–43 (5th Cir. 1981); *see also, e.g.*, *McCowan v. City of Philadelphia*, No. 19-3326-KSM, 2021 WL 84013, at *20 (E.D. Pa. Jan. 11, 2021) ("[A]lthough Title VII permits claims based on the intersection of protected traits (e.g., race and gender), § 1981 does not."); *Savage v. Temple Univ.*, No. 19-6026-KSM, 2022 WL 911153, at *7 (E.D. Pa. Mar. 29, 2022) (same); *Marshall v. AT&T Mobility Servs., LLC*, No. 3:17-cv-01577-CMC-KDW, 2019 WL 2090860, at *5 n.12 (D.S.C. Jan. 10, 2019) ("Plaintiff is pursuing a 'race-plus-gender' claim of discrimination only. Whether such a claim is viable under Title VII jurisprudence is open to interpretation and is discussed herein.  However, as Defendant points out, such a claim is not viable under § 1981."), *report and recommendation adopted*, 2019 WL 1274723 (D.S.C. Mar. 20, 2019), *aff'd* 811 F. App'x 849 (4th Cir. July 8, 2020); *Johnson v. Dillard's Inc.*, No. 3:03–3445–MBS, 2007 WL 2792232 (D.S.C. Sept. 24, 2007) (same); *Craig v. Yale Univ. Sch. of Med.*, No. 3:10cv1600(JBA), 2013 WL 789718, at *8 n.10 (D. Conn. Mar. 4, 2013) ("§ 1981 prohibits only racial discrimination and does not prohibit 'race plus' gender discrimination."); *Jones v. Horizon Shipbuilding, Inc.*, No. 11–0012–WS–M, 2012 WL 5187800, at *11 n.31 (S.D. Ala. Oct. 19, 2012) ("The plaintiff suggests vaguely that, even if she cannot sustain a claim of hostile work environment based on race or on sex, she can combine the two into a claim based on race-plus-sex.  Of course, this is flatly impossible with respect to her Section 1981 claim, since that statute forbids only race discrimination." (record citation omitted)); *Edwards v. Prime, Inc.*, No. 08-AR-1016-S, 2008 WL 9393800 (N.D. Ala. Dec. 11, 2008) (same).